1  Thiago Coelho, SBN 324715
   thiago@wilshirelawfirm.com
2  Binyamin I. Manoucheri, SBN 336468
   binyamin@wilshirelawfirm.com
3  **WILSHIRE LAW FIRM, PLC**
4  3055 Wilshire Blvd., 12th Floor
   Los Angeles, California 90010
5  Telephone: (213) 381-9988
6  Facsimile: (213) 381-9989

7  *Attorneys for Plaintiff and Proposed Class*

8              **UNITED STATES DISTRICT COURT**

9          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11 | SALEM ROSALES, individually and on behalf of all others similarly situated, | Case No.: 2:21-cv-02195-AB-PVC
12 |  |
   |  | *Assigned to Hon. Judge Andre Birotte Jr.*
13 |  |
14 |            Plaintiff, | **PLAINTIFF SALEM ROSALES' NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENTAS TO DEFENDANT INDIVEST, INCORPORATED AND DEFENDANT PLAZA LA REINA, A CALIFORNIA LIMITED PARTNERSHIP**
15 |       v. |
16 | INDIVEST, INCORPORATED, a California corporation; PLAZA LA REINA, A CALIFORNIA LIMITED PARTNERSHIP; and DOES 1 to 10, inclusive, |
17 |  |
18 |  |
19 |  |
20 |            Defendants. | Hearing Date:  January 14th, 2022
21 |  | Hearing Time: 10:00 a.m.
   |  | Courtroom:       7B
22 |  |
   |  | Complaint filed:  March 10, 2021
23 |  | Trial Date:        None set

24

25

26

27

28

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

## **NOTICE OF MOTION**

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on January 14, 2022, or as soon thereafter as counsel may be heard in the courtroom of the Honorable Andre Birotte Jr., located in the U.S. District Court – Central District, First Street Courthouse, 350 West First Street; Los Angeles, California 90012, Courtroom 7B, Plaintiff Salem Rosales will and hereby does move for an order granting entry of default judgment as to Defendant Indivest, Incorporated and Defendant Plaza La Reina, a California Limited Partnership, in this matter pursuant to Fed. R. Civ. Proc. 55(b).

This motion is made following the Clerk's Entry of Default as to both Defendant Indivest, Incorporated and Defendant Plaza La Reina, a California Limited Partnership, and is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Binyamin I. Manoucheri, all the pleadings, files, and records in this matter, any argument or evidence that may be presented to the Court prior to its ruling, and all other matters of which the Court may take judicial notice.

Dated: November 30, 2021                    Respectfully Submitted,

 /s/ Binyamin I. Manoucheri
Thiago M. Coelho
Binyamin I. Manoucheri
**WILSHIRE LAW FIRM, PLC**
*Attorneys for Plaintiff and Proposed Class*

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

# <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS ................................................................................................i

TABLE OF AUTHORITIES ........................................................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES ..............................................1

I.     INTRODUCTION ..............................................................................................1

II.    PERTINENT FACTS .......................................................................................1

    A.    Factual Background ......................................................................................1

    B.    Procedural History ........................................................................................3

III.   ARGUMENT ....................................................................................................4

    A. Discussion…………………………………………………………….......6

      1. The Court Possesses General Personal Jurisdiction Over Defendant ...........5

      2. Venue in this Court is Appropriate .............................................................5

    B. Discussion…………………………………………………………….....6

      1. Defendant Was Properly Served Under Fed. R. Civ. Proc. 4 ......................6

      2. Plaintiff Has Complied with F.R.C.P. 55(b)(2) and L.R. 55.1 ...................6

      3. The *Eitel* Factors Weigh in Favor of Granting Default Judgment ...............7

        a.      Prejudice to Plaintiff.............................................................................7

        b.      Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint .........7

        c.      Sum of Money at State in the Action ..................................................10

        d.      Dispute Concerning Material Facts.....................................................10

        e.      Excusable Neglect ..............................................................................11

        f.      Policy of Favoring Decisions Based on Merits...................................11

IV.    REQUESTED RELIEF.....................................................................................12

    A.    Injunctive Relief............................................................................................12

    B. Equitable Monetary Relief     13

      1. Statutory Damages ......................................................................................13

      2. Attorney's Fees and Costs ...........................................................................14

        a.      Hourly Rates........................................................................................14

i

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

b.    Reasonable Hours ................................................................ 14

c.    Costs .................................................................................... 14

V.   CONCLUSION ................................................................................... 14

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

TABLE OF CONTENTS

# <u>TABLE OF AUTHORITIES</u>

Cases

*Aldabe v. Aldabe,*

   616 F.2d 1089 (9th Cir. 1980) ............................................................. 5

*Craigslist, Inc. v. Naturemarket, Inc.,*

   694 F. Supp. 2d 1039 (N.D. Cal. 2010) ................................................ 8

*Danning v. Lavine,*

   572 F.2d 1386 (9th Cir. 1978) ............................................................. 6

*DirecTV, Inc. v. Huynh,*

   503 F.3d 847 (9th Cir. 2007) ............................................................... 5

*Draper v. Coombs,*

   792 F.2d 915 (9th Cir. 1986) ............................................................... 4

*Eitel v. McCool,*

   782 F.2d 1470 (9th Cir. 1986) ....................................................... 5, 6, 7

*Elektra Entm't Grp. Inc. v. Crawford,*

   226 F.R.D. 388 (C.D. Cal. 2005) ......................................................... 7

*Landstar Ranger, Inc. v. Parth Enters., Inc.,*

   725 F. Supp. 2d 916 (C.D. Cal. 2010) ................................................. 7

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,*

   526 U.S. 344 (1999) ............................................................................ 4

*PepsiCo, Inc. v. Cal. Sec. Cans,*

   238 F. Supp. 2d 1172 (C.D. Cal. 2002) ............................................ 6, 7

*TeleVideo Sys., Inc. v. Heidenthal,*

   826 F.2d 915 (9th Cir. 1987) ............................................................... 5

*Vogel v. Rite Aid Corp.,*

   992 F. Supp. 2d 998 (C.D. Cal. 2014) ................................................. 6

*Wecosign, Inc. v. IFG Holdings, Inc.,*

   845 F. Supp. 2d 1072 (C.D. Cal. 2012) ............................................ 7, 8

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

iii

**Statutes**

42 U.S.C. § 12181(7) ..................................................................................... 1, 3

Cal. Civ. Code § 51 ............................................................................................ 3

Fed. R. Civ. P. 55(a) ......................................................................................... 4

**Rules**

Fed. R. Civ. Proc. 4 .......................................................................................... 5

Fed. R. Civ. Proc. 4(a) ...................................................................................... 5

Fed. R. Civ. Proc. 4(b) ...................................................................................... 5

Fed. R. Civ. Proc. 4(h)(1)(B) ............................................................................ 5

Fed. R. Civ. Proc. 55(a) .................................................................................... 3

Fed. R. Civ. Proc. 55(b)(2) ..................................................................... passim

L.R. 55.1 ........................................................................................................ 5, 6

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

iv
TABLE OF AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Salem Rosales ("Plaintiff") respectfully requests that this Court enter a default judgment against Defendant Indivest, Incorporated ("Indivest") and Defendant Plaza La Reina, a California Limited Partnership ("Plaza") (hereinafter jointly "Defendants"), respectively, pursuant to Federal Rule of Civil Procedure 55(b), for failure to plead or otherwise defend this action.

On June 30, 2021, the Court entered default on all counts of the Complaint against Indivest for its failure to defend.  (Dkt. 18).  Likewise, on November 22, 2021, the Court entered default against Plaza.  (Dkt. 32).

Each of the factors from *Eitel v. McCool* support the Court granting Plaintiff's motion for default judgment against Defendants, jointly.  782 F.2d 1470, 1471-72 (9th Cir. 1986).

## II.   PERTINENT FACTS

### A. Factual Background

Plaintiff) is legally blind and can only experience the internet through screen-reading software.  (Complaint, ¶¶ 4, 21).  Defendants operate a website which provides consumers access to Defendants' luxury hotel.  (*Id*., ¶ 5).  Defendants' website provides consumers access to available accommodations, specials and offers, meetings and event spaces, a Los Angeles area guide, reservations, the hotel location, and Defendant's contact information.  *Id*.  Further, Defendant's hotel constitutes a place of public accommodation as defined under the American with Disabilities Act ("ADA").  *See* 42 U.S.C. § 12181(7)(A) (Defining a hotel as a public accommodation).

Plaintiff visited Defendant's website, https://www.plazalareina.com ("website"), numerous times in 2021 and found it incompatible with screen-reading software and, therefore, unusable for Plaintiff.  (*Id*., ¶¶ 28, 29).  During each of these visits, Plaintiff encountered barriers which prevented her from using the

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

1

website.  (*Id.*, ¶ 27).  These barriers include (1) a lack of alternative text ("alt text") imbedded within graphics, which provide a mechanism by which the screen-reader can "read" images and other graphical elements, (2) empty links that contain no text, causing the function or purpose of the link to not be presented to the user, (3) redundant links, or adjacent links going to the same URL address, which results in additional navigation and repetition for keyboard and screen-reading users, and (4) linked images missing alt-text, where an image within a link lacks any descriptive text or alt-text, which provides the screen-reader with no content with which to present the user as to the function of the link.  (*Id.*).  These barriers prevent screen-reading software from functioning and thereby barred Plaintiff from using the website. (*Id.*).

Plaintiff continues to be deterred on a regular basis from using Defendants' website, which Plaintiff desires to do. (*Id.*, ¶ 30).  Plaintiff also desires to visit Defendants' hotel but is deterred from doing so by the website's barriers, which have prevented her from finding the hotel location and hours of operation information.  (*Id.*, ¶ 31).

Plaintiff filed her instant lawsuit as a direct result of Defendant's failure to allow her equal access to Defendant's website, as is required under the ADA. Plaintiff properly served Defendants with the Complaint, (Dkts. 10, 15), but Defendants failed to file a responsive pleading within the time allotted by the Fed. R. Civ. P.  Consequently, Plaintiff requested and the Clerk of this Court entered default against Defendants. (Dkts. 12, 31, 17, 32).  Plaintiff now requests the Court enter a default judgment against Defendants, pursuant to Fed. R. Civ. Proc. 55(b)(2).

Plaintiff estimates the matter in controversy exceeds the sum of $5 Million, exclusive of interest and costs.  (*Id.* at ¶ 9).  Defendant generates millions of dollars in revenue through its website which is inaccessible by Plaintiff and other legally blind individuals.  Visits to Defendant's website are increasing and range between

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

2

one-half to one million visits each *month*, including visits by proposed class members during the class period. It is an extremely conservative estimate that 1,250 visits were made to Defendant's website by proposed class members and Plaintiff during the proposed class period. At 1,250 visits by proposed class members during the class period, with each offense awarded the statutory minimum of $4,000.00, per offense, per person, the sum of that calculation would amount to approximately $6,250,000.00.

However, as it relates to this request for the Court's entry of default, Plaintiff seeks a modest award of a single statutory minimum damage amount of $4,000.00, pursuant to Cal. Code Civ. Proc. 52(a), along with recouping all attorney fees and costs incurred thus far in litigation. *See* 42 U.S.C. § 12205 and Cal. Civ. Code § 52(a) and 52.1(h). The total sum sought currently amounts to $28,766.20.

## B. Procedural History

On March 10, 2021, Plaintiff filed the instant complaint asserting claims for violations of the ADA and Unruh Civil Rights Act ("Unruh Act"). *(*Dkt. 1).

On March 11, 2021, clerk of the Central District Court of California, issued a summons requiring Defendant to file a response to the Complaint within twenty-one days following service. (Dkt. 7).

On April 7, 2021, Plaintiff personally served her Complaint, Summons, and Civil Case Cover Sheet upon Indivest's agent for service of process. (Dkt. 10).

Indivest failed to file a responsive pleading within the time warranted by the Fed. R. Civ. P. 12. (*Id.* 4,5).

On June 14, 2021, Plaintiff personally served her Complaint, Summons, and Civil Case Cover Sheet upon Plaza's agent for service of process. (Dkt. 15).

Plaza also failed to file a responsive pleading within the time warranted by the Fed. R. Civ. P. 12.

On June 29, 2021, Plaintiff filed her Request for Clerk's Entry of Default against Indivest, Dkt. 17, and the Clerk of the Central District Court issued a Default

3

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

against Indivest on July 12, 2021.  (Dkt. 18).

On November 19, 2021, Plaintiff filed her Request for Clerk's Entry of Default against Plaza, Dkt. 31, and the Clerk of the Central District Court issued a Default against Plaza on November 22, 2021.  Dkt. 32.

Now, Plaintiff moves the Court for entry of default judgment against Defendant Indivest Incorporated and Defendant Plaza La Reina, A California Limited Partnership, pursuant to Fed. R. Civ. Proc. 55(b)(2).

## III.    ARGUMENT

### A. Legal Standard

Entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a). .  *See also Aldabe v. Aldabe*, 612 F.2d 1089, 1092 (9th Cir. 1980).  A party has no duty to defend, however, unless the plaintiff properly served the defendant with the summons and complaint, or waives such service, pursuant to Fed. R. Civ. P. 4.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (Holding "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons"); *see also In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

Before courts decide whether to grant default judgment, Fed. R. Civ. P. 55(b)(2) requires the Clerk's entry of default.  *See Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986).  A district court has discretion in deciding whether to enter a default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In exercising this discretion, courts may consider a number of factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits (collectively, the

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

"*Eitel* factors").    *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).    In deciding a motion for default judgment, all factual allegations in the plaintiff's complaint are deemed to be true, except those relating to the amount of damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *see also DirecTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007).

### 1. This Court Possesses General Personal Jurisdiction Over Defendant

"[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).    [T]he paradigm forum for the exercise of general jurisdiction . . . for a corporation . . . is . . . one in which the corporation is fairly regarded as at home. *Id*.    With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction.    *Id*.

Here, because Indivest is both incorporated and has its principal place of business in Los Angeles, California, this Court possesses general personal jurisdiction over it.

Likewise, because Plaza formed its partnership and has its principal place of business in Los Angeles, California, this Court possesses general personal jurisdiction over it.

### 2. Venue in this Court is Appropriate

The general venue statute, 28 U.S.C. § 1391, states in pertinent part that a civil action may be brought in (1) any judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

Here, venue is proper pursuant to prong one because the Defendants are residents of California—the state this district is located in—so any district in which

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

5

any of the Defendants resides is appropriate for venue purposes.   Both the Defendants reside in this district.

Venue is also sufficient pursuant to prong two because a substantial part of the events or omissions giving rise to the claims occurred in Los Angeles, which is located in the Central District of California.   Plaintiff logged onto Defendant's website in this district but was denied access by the barriers on Defendant's website in this district.[1]   Further, as explained above, Defendant is subject to the court's personal jurisdiction in the Central District with respect to this action.   Accordingly, venue in this court is appropriate.

**B. Discussion**

**1.  Defendant Was Properly Served Under Fed. R. Civ. P. 4**

Here, Plaintiff served Defendants properly under Fed. R. Civ. P. 4.   The summons was issued in compliance with Fed. R. Civ. Proc. 4(a-b).   (Dkt. 7). Plaintiff, through a compliant professional service processor, personally served the summons, along with the Complaint and Civil Case Cover Sheet, through Indivest's agent for service of process, on April 7, 2021.  (Dkt. 10).  Further, Plaintiff, through a compliant professional service processor, personally served the summons, along with the Complaint and Civil Case Cover Sheet, through Plaza's agent for service of process, on June 14, 2021.  (Dkt. 15).  As such, Plaintiff's service was compliant with Fed. R. Civ. P. 4(h)(1)(B).  Defendant was properly served under Fed. R. Civ. P. 4.

**2.  Plaintiff Has Complied with Fed. R. Civ. Proc. 55(b)(2) and L.R. 55.1**

Plaintiff has complied with Fed. R. Civ. Proc. 55(b)(2).  Plaintiff requested

---

[1] In the context of websites, district courts in the Ninth Circuit have determined that the alleged injury occurs in the place where the plaintiff visited the website.  *See Strojnik v. Orangewood*, 2019 U.S. Dist. LEXIS 213103, *11 (C.D. Cal. Aug. 8, 2019).

6

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1  from and was granted by the clerk a Default against Defendants in compliance with

2  Fed. R. Civ. P. 55(a).  (Dkts. 17, 18, 31, 32).  Plaintiff has complied with Fed. R.

3  Civ. P. 55(b)(2).

4    **3. The *Eitel* Factors Weigh in Favor of Granting Default**

5    **Judgment**

6    In Plaintiff's instant motion, the *Eitel* Factors weigh in favor of granting

7  default judgment.

8    **a. Prejudice to Plaintiff**

9    The first *Eitel* factor requires the Court to consider whether withholding

10  default judgment would prejudice Plaintiff.  Plaintiff has been and continues to be

11  discriminated against on the basis of disability in the full and equal enjoyment of

12  the goods, services, facilities, privileges, advantages, or accommodations offered

13  by Defendant pursuant to 42 U.S.C. § 12182(a), as detailed in the Complaint.  *See*

14  *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014) (holding that

15  plaintiff's contention that he has and will continue to suffer discrimination related

16  to his disability coupled with defendant's failure to appear and defend constituted

17  prejudice and favored entry of a default judgment because absent entry of default,

18  plaintiff will most likely be without recourse against defendant, given its

19  unwillingness to cooperate and defend).

20    Here, absent an entry of default, Plaintiff and the proposed class "will most

21  likely be without recourse against [Indivest and Plaza], given [Defendants']

22  unwillingness to cooperate and defend."  *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d

23  at 1006.  Because Plaintiff and the proposed class will not have any recourse against

24  the Defendants without a default judgment, the Court should find that withholding

25  the default judgment would prejudice Plaintiff.

26    **b. Merits of Plaintiff's Substantive Claims and Sufficiency**

27    **of the Complaint**

28    Here, Plaintiff's claims are substantive and sufficient, meeting the second

PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO
DEFENDANT INDIVEST, INCORPORATED AND DEFENDANT PLAZA LA
REINA, A CALIFORNIA LIMITED PARTNERSHIP

and third *Eitel* Factors.  "The Ninth Circuit has suggested that these two factors require that a plaintiff 'state a claim on which the [plaintiff] may recover.'" *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).  Courts often consider the second and third *Eitel* factors together because examining the merits of a substantive claim and the sufficiency of a complaint share the same requirement, i.e., stating a claim "on which the [plaintiff] may recover."  *See Kloepping v. Fireman's Fund*, 1996 WL 75314, at *2 (N.D. Cal. 1996) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir.1978)); *see also Bd. Of Trustees, I.B.E.W. Local 332 Pension Plan Part A v. Delu"chi Elec, Inc.*, 2020 WL 2838801, at *2 (N.D. Cal 2020).

### i.    Americans With Disabilities Act

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

Plaintiff has pleaded that she is disabled within the meaning the ADA, as she is legally blind and can only experience the internet through screen-reading software. (Compl., ¶ 1).  Plaintiff has also pleaded that "Defendant's hotel is a public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7)", satisfying the second prong. (Id., ¶ 7).  Lastly, Plaintiff has pleaded the existence of four major barriers on Defendant's website, which prevent her from accessing the website using screen-readers.  Plaintiff also desires to visit Defendant's hotel but is deterred from doing so by the website's barriers, which have prevented her from finding the hotel's location and hours of operation information. (Id., ¶ 31).  As such, Plaintiff has met her burden of stating a *prima facie* discrimination claim in violation of Title III of the ADA.

PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT INDIVEST, INCORPORATED AND DEFENDANT PLAZA LA REINA, A CALIFORNIA LIMITED PARTNERSHIP

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

### ii.    Unruh Civil Rights Act

In California, "Any violation of the ADA necessarily constitutes a violation of the Unruh Act," and "no showing of intentional discrimination is required where the Unruh Act violation is premised on an ADA violation." Cal. Civ. Code § 51(f); *Lentini v. Cal. Ctr. for the Arts*, *Escondido*, 370 F. 3d 837, 847 (9th Cir. 2004). The Unruh Act, unlike the ADA, permits monetary damages that include actual and treble damages, or statutory damages of $4,000 per violation. Cal. Civ. Code § 52(a). Here, plaintiff alleges a legitimate ADA violation based on Indivest's and Plaza's failure to ensure its website is accessible to legally blind individuals who use a screen-reader. Consequently, Plaintiff has properly alleged an Unruh Act violation as well.

Moreover, Plaintiff's substantive claims have merit, and she has sufficiently pled her case. Unlike *Eitel's* complaint, where the district court could have had serious reservations about the merits of the substantive claim based upon the pleadings, there are no valid reservations about the merits of Plaintiff's substantive claims here. Here, the Complaint accurately reflects the violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181, *et seq*. and violations of the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq*. Defendant has identified four major barriers which are presented by Defendant's website, which keep it from working with screen-reading software. These barriers prevented Plaintiff and the Class Members from fully accessing the website and enjoying the benefits of the website that sighted members enjoy. In *Robles*, 913 F.3d at 902, the Ninth Circuit held that a website with a connection to a brick-and-mortar store—such as, undoubtedly, Defendant's website—must be ADA compliant, which means that it must present a means by which blind and visually impaired individuals may interact with it via screen-readers. And an Unruh Act claim is proven when an ADA claim is proven. Cal. Civ. Code § 51(f).

Consequently, the second and third *Eitel* factors weigh in favor of default

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

9

1    judgment.

2                    **c.  Sum of Money at Stake in the Action**

3           "Under the [fourth] *Eitel* factor, the court must consider the amount of money

4    at stake in relation to the seriousness of [the] [d]efendant's conduct."  *PepsiCo, Inc.*,

5    238 F. Supp. 2d at 1176 (2002).   When the amount at stake is substantial or

6    unreasonable in light of the allegations in the complaint, default judgment is

7    disfavored.  *See Eitel*, 782 F.2d at 1472 (affirming the denial of default judgment

8    where the plaintiff sought $3 million in damages and the parties disputed material

9    facts in the pleadings).

10          In *Eitel*, it could not have been said that the district court abused its discretion

11   in denying the default judgement.  Eitel was seeking almost $3 million in damages

12   from McCool and the parties disputed material facts in the pleadings.  Unlike *Eitel*,

13   as discussed *infra*, there are no disputed material facts in the pleadings here.

14   Further, Plaintiff is not asking for a large sum, as in *Eitel*, but only requesting the

15   Court award damages a single statutory minimum damages award plus attorney fees

16   and costs, in the total amount of **$28,766.20**.  *See Vogel*, 992 F. Supp. 2d at 1012

17   (finding $13,739.20 was reasonable and collecting other cases where $10,119.70

18   and $12,000.00 were also reasonable and, in fact, a "relatively small award of

19   damages" in similar ADA cases) (cited with approval in *Avalos v. Red Mountain*

20   *Asset Fund I, LLC*, No. 121CV00230NONEJLT, 2021 WL 2549457, at *5 (E.D.

21   Cal. June 22, 2021).  Accordingly, this factor weighs in favor of entry of default

22   judgment.

23              **d.  Whether a Dispute Concerning Material Facts Exist**

24          When a plaintiff has "supported its claims with ample evidence, and

25   defendant has made no attempt to challenge the accuracy of the allegations in the

26   complaint, no factual disputes exist that preclude the entry of default judgment."

27   *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 922 (C.D. Cal.

28   2010); *see also Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D.

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO
DEFENDANT INDIVEST, INCORPORATED AND DEFENDANT PLAZA LA
REINA, A CALIFORNIA LIMITED PARTNERSHIP

Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists.").

Here, Defendant failed to file or serve an answer or other responsive pleading and has not otherwise appeared to contest this action. *See Avalos*, 2021 WL 2549467, at *5 (finding that possibility of dispute weighed in favor of entry of default judgment because defendant was properly served with both the pleadings and the default motion yet made no appearance in the matter). Accordingly, there seems to be no dispute as to the material facts of the case at hand, and this factor weighs in favor of the Court granting default judgment.

### e. Whether Default was Due to Excusable Neglect

Under the sixth *Eitel* factor, the Court considers the issue of excusable neglect. "This factor favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). Here, the record indicates that Plaintiff properly served Indivest and Plaza, thus Defendants are, or should be, aware of this action. Despite being put on notice of this action, Defendants have failed to respond. Its failure to respond does not appear to be excusable. Thus, this factor favors granting default judgment. *See Wecosign*, 845 F. Supp. 2d at 1082.

Accordingly, Defendants' unexplained silence, in spite of being personally served the Complaint and Summons on April 7, 2021 and June 14, 2021, respectively, and Plaintiff's request for clerk's entry of judgment on June 29, 2021, and November 22, 2021, respectively, weighs in favor of granting Plaintiff's instant motion for entry of default judgment.

### f. Policy of Favoring Decisions Based on Merits

Finally, the seventh *Eitel* factor requires the Court to consider whether the Court's strong preference for deciding cases on the merits should preclude the Court

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

from granting default judgment.  Despite this strong policy, courts often find that granting default judgment is appropriate when a defendant fails to adequately defend against a lawsuit.  *See Wecosign, Inc.*, 845 F. Supp. 2d at 1083 (holding that "notwithstanding the strong policy presumption in favor of a decision on the merits, where a defendant fails to appear and respond as occurred here, a decision on the merits is impossible and default judgment is appropriate) (citing *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010); *see also Elektra Ent. Group*, 226 F.R.D. at 393 (holding that, despite the rules' strong policy favoring decisions on the merits, where a defendant fails to answer the complaint, a decision on the merits is" impractical, if not impossible."); *Avalos*, 2021 WL 2549457 (concluding that given defendant's failure to appear or respond whatsoever, this strong policy did not preclude default judgment).  Cases should be decided upon their merits whenever reasonably possible.  However, Defendants waived their opportunity to a decision on the merits when they failed to file or serve an answer or other responsive pleading and have not otherwise appeared to contest this action.   Furthermore, this policy should not be the determining factor considering that the other factors above weigh in favor of the motion for default judgement.

Therefore, default is appropriate in this instance.

## IV.   REQUESTED RELIEF

Plaintiff seeks both injunctive and monetary relief.

### A. Injunctive Relief

By statute, the Court has the authority to grant the injunctive relief sought. "In the case of violations of…this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities…Where appropriate, injunctive relief shall also include requiring the…modification of a policy."  42 U.S.C. § 12188(a)(2).

An  injunction  may  be  granted  "if there  is  some  cognizable  danger  of

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

recurring violation." *FTC v. Gill*, 71 F. Supp. 2d 1030, 1047 (C.D. Cal. 1999).  A Court considers the totality of the circumstances, including past unlawful conduct. *Id*.  "When the violation has been predicated upon systematic wrongdoing, rather than isolated occurrences, a court should be more willing to enjoin future conduct." *Id*. (quoting *CFTC v. Hunt*, 591 F.2d 1211, 1220 (7th Cir.1979)).

Accordingly, the injunctive relief currently sought by Plaintiff requests that within twenty-four (24) months of the Effective Date of this Agreement, and to the extent it has not already done so, Defendant shall continue to modify the Website as needed to achieve substantial conformance with WCAG 2.0 and/or 2.1.

## B. Monetary Relief

### 1. Statutory Damages

Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51 , 51.5 , or 51.6 , is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51 , 51.5 , or 51.6 .

Plaintiff respectfully requests the Court award Plaintiff Four Thousand Dollars and Zero Cents ($4,000.00), for Defendant's violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq*.  This amount is warranted because Plaintiff attempted to access Defendant's website, but could not, because Defendant's website is not compatible with screen-readers.  Consequently, Plaintiff was denied services of a place of public accommodation, Defendant's hotel.  *See Robles*, 913 F.3d at 905; see also Cal. Civ. Code § 51(f) (providing that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act).

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT INDIVEST, INCORPORATED AND DEFENDANT PLAZA LA REINA, A CALIFORNIA LIMITED PARTNERSHIP

### 2.  Attorney's Fees and Costs

Plaintiff requests $20,265.00 in attorney's fees and $4,501.20 in costs.  *See* Manoucheri Dec. ¶ 9.  Such recovery is available to the prevailing attorney under both the ADA and Unruh Act.  *See* 42 U.S.C. § 12188(a)(2); *see also* Cal. Civ. Code § 55.  Federal and state courts use the lodestar method to calculate recoverable attorney's fees by multiplying the number of hours reasonably expended by a reasonable hourly rate.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001). ).  Here, an award of attorneys' fees is justified under the two statutes under which Plaintiff is suing, and the fees have been well documented.  An award is proper.

### a.  Hourly Rates

Market rates in the relevant community ordinarily determine a reasonable hourly rate.  *See Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016).  The fee applicant bears the burden of "produc[ing] satisfactory evidence" to persuade a court that the requested rates fall in line with those of the relevant community.  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008).  A court may look to other decisions within its same forum for direction in determining attorney's fees.  *See Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997).

### b.  Reasonable Hours

These reasonable hours constitute time spent on filing this action and filing the necessary entry of default documents.

### c.  Costs

Under the ADA, a court has discretion to award the prevailing party "a reasonable attorney's fee, including litigation expenses, and costs."  42 U.S.C. § 12205; *see also Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002).

### V.  CONCLUSION

For the foregoing reasons and pursuant to Federal Rules of Civil Procedure 55(b), Plaintiff respectfully requests that the Court enter a default judgment against

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1   Indivest and Plaza in the amount of $28,766.20.

2

3   Dated: November 30, 2021              Respectfully Submitted,

4

5                               /s/ *Binyamin I. Manoucheri*

6                               Thiago M. Coelho

                                    Binyamin I. Manoucheri

7                               **WILSHIRE LAW FIRM, PLC**

8                               *Attorneys for Plaintiff and Proposed Class*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO
DEFENDANT INDIVEST, INCORPORATED AND DEFENDANT PLAZA LA
REINA, A CALIFORNIA LIMITED PARTNERSHIP