Thiago Coelho, SBN 324715
thiago@wilshirelawfirm.com
Binyamin I. Manoucheri, SBN 336468
binyamin@wilshirelawfirm.com
**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiff and Proposed Class*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALEM ROSALES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INDIVEST, INCORPORATED, a California corporation; PLAZA LA REINA, A CALIFORNIA LIMITED PARTNERSHIP; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.: 2:21-cv-02195-AB-PVC<br><br>*Assigned to Hon. Judge Andre Birotte Jr.*<br><br>**PLAINTIFF SALEM ROSALES' RENEWED NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT INDIVEST, INCORPORATED**<br><br>Hearing Date: April 22, 2022<br>Hearing Time: 10:00 a.m.<br>Courtroom:    7B<br><br>Complaint filed: March 10, 2021<br>Trial Date:    None set |

---

PLAINTIFF'S NOTICE OF MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT INDIVEST, INCORPORATED

# NOTICE OF MOTION

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on April 22, 2022, or as soon thereafter as counsel may be heard in the courtroom of the Honorable Andre Birotte Jr., located in the U.S. District Court – Central District, First Street Courthouse, 350 West First Street; Los Angeles, California 90012, Courtroom 7B, Plaintiff Salem Rosales will and hereby does move for an order granting entry of default judgment as to Defendant Indivest, Incorporated, in this matter pursuant to Fed. R. Civ. Proc. 55(b).

This motion is made following the Clerk's Entry of Default as to Defendant Indivest, Incorporated, and is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Binyamin I. Manoucheri, all the pleadings, files, and records in this matter, any argument or evidence that may be presented to the Court prior to its ruling, and all other matters of which the Court may take judicial notice.

Dated: March 14, 2022                    Respectfully Submitted,

                                         /s/ Binyamin I. Manoucheri
                                         Thiago M. Coelho
                                         Binyamin I. Manoucheri
                                         **WILSHIRE LAW FIRM, PLC**
                                         *Attorneys for Plaintiff and Proposed Class*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

   I. INTRODUCTION ............................................................................................ 1

   II. PERTINENT FACTS ....................................................................................... 1

      A. Factual Background ................................................................................. 1

   III. ARGUMENT .................................................................................................. 2

      A. Legal Standard ......................................................................................... 2

      B. The *Eitel* Factors Weigh in Favor of Granting Default Judgment ............. 3

         1. Prejudice to Plaintiff, Whether a Dispute Concerning Material Facts Exist, Excusable Neglect, Policy Favoring Decisions on the Merits ............ 4

         2. Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint ................................................................................................. 4

            a. The Americans with Disabilities Act ..................................................... 4

            b. California's Unruh Civil Rights Act ...................................................... 4

         3. Sum of Money at Stake in the Action ........................................................ 7

   IV. Plaintiff's Computation of Damages Supports the Award ........................ 8

      A. Plaintiff is Entitled to Injunctive Relief ..................................................... 8

      B. Monetary Relief ........................................................................................ 8

         1. Plaintiff is Entitled to Statutory Damages Pursuant to Cal. Civ. Code § 52(a) .............................................................................................. 8

         2. Plaintiff Is Entitled to an Award of Attorneys' Fees and Costs Under Both the ADA and Unruh Act Pursuant to 42 U.S.C. § 12205 and Cal. Civ. Code §§ 52(a) and 52.1(b) ......................................................... 9

   V. CONCLUSION ............................................................................................. 10

# TABLE OF AUTHORITIES

Cases

*Aldabe v. Aldabe*,
  616 F.2d 1089 (9th Cir. 1980) ................................................................................3

*Board Of Trustees, I.B.E.W. Local 332 Pension Plan Part A v. Delucchi Electric, Inc.*,
  2020 WL 2838801, at *2 (N.D. Cal. 2020) ............................................................4

*CFTC v. Hunt*,
  591 F.2d 1211, 1220 (7th Cir. 1979) ......................................................................8

*Danning v. Lavine*,
  572 F.2d 1386 (9th Cir. 1978) ................................................................................4

*DirecTV, Inc. v. Huynh*,
  503 F.3d 847 (9th Cir. 2007) ..................................................................................3

*Draper v. Coombs*,
  792 F.2d 915 (9th Cir. 1986) ..................................................................................3

*Dunn v. Abrahamian*,
  No. CV 20-9713 FMO (AGRx), 2021 WL 1570831, at *1
  (C.D. Cal. Mar. 9, 2021) ........................................................................................5

*Eitel v. McCool*,
  782 F.2d 1470 (9th Cir. 1986) ..........................................................1, 3, 4, 6, 7

*FTC v. Gill*,
  71 F. Supp. 2d 1030, 1047 (C.D. Cal. 1999) ..........................................................8

*Kloepping v. Fireman's Fund*,
  1996 WL 75314, at *2 (N.D. Cal. 1996) ................................................................4

*Lopez v. Catalina Channel Express, Inc.*,
  974 F.3d 1030, 1034 (9th Cir. 2020) ......................................................................5

*Molski v. M.J. Cable, Inc.,*,
  481 F.3d 724, 730 (9th Cir. 2007) ......................................................................5, 6

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
  526 U.S. 344 (1999) .................................................................................................. 3

*PepsiCo, Inc. v. Cal. Sec. Cans*,
  238 F. Supp. 2d 1172 (C.D. Cal. 2002) ................................................................ 4, 7

*TeleVideo Sys., Inc. v. Heidenthal*,
  826 F.2d 915 (9th Cir. 1987) ..................................................................................... 3

*Vogel v. Rite Aid Corp.*,
  992 F. Supp. 2d 998 (C.D. Cal. 2014) ...................................................................... 7

**Statutes**

42 U.S.C. § 12181(7) .................................................................................................. 2, 5

Cal. Civ. Code § 51 ................................................................................................ 6, 7, 9

Cal. Civ. Code § 55.56 .................................................................................................. 6

**Rules**

Fed. R. Civ. Proc. 55(a) ................................................................................................. 3

Fed. R. Civ. Proc. 55(b)(2) ............................................................................................ 3

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Salem Rosales ("Plaintiff") respectfully requests that this Court enter a default judgment against Defendant Indivest, Incorporated ("Defendant"), pursuant to Federal Rule of Civil Procedure 55(b), for failure to plead or otherwise defend this action.

On June 30, 2021, the Court entered default on all counts of the Complaint against Defendant for its failure to defend, (Dkt. 18), and, on March 04, 2022, the Court entered an Order finding that the procedural requirements of Local Rule 55-1 are met as to Defendant. (Dkt. 26 at 5:12-13).

In addition, the Court found that the *Eitel* factors that weigh in favor of granting default judgment against Defendant are: (1) prejudice; (2) possibility of excusable neglect; (3) dispute concerning material facts; and (4) policy favoring decisions on the merits, *Id*. at 11, N. 1, whilst the Court found that the second and third *Eitel* factors, the merits of Plaintiff's substantive claims and sufficient of Plaintiff's Complaint, in addition to the sum of money at stake in the action, weighed against the entry of default judgment against Defendant. (*Id*.)

Moreover, the Court found that element one of Plaintiff's ADA claim was satisfied but not elements two, three, and four. (*Id*. at 11:21-12:2).

Accordingly, and pursuant to the Court's order, Plaintiff renews her motion for default judgment against Defendant and will make a showing which demonstrates that: (1) Defendant is private entity that owns, leases, or operates the hotel and/or website at issue; (2) Plaintiff was denied public accommodations by Defendant because of her disability; and (3) that the cost to Defendant of removing the alleged barriers from the website do not exceed the benefits in this matter.

## II. PERTINENT FACTS

### A. Factual Background

Defendant owns, operates, and controls https://www.plazalareina.com (the

"website"), which provides consumers access to Defendant's luxury hotel. (Compl., ¶ 5). Further, Defendant's hotel is a place of public accommodation pursuant to 42 U.S.C. § 12181(7)(A). *See* 42 U.S.C. § 12181(7)(A) (Defining a hotel as a public accommodation).

Plaintiff is legally blind and can only experience the internet through screen-reading software. (Complaint, ¶¶ 4, 21). Defendant's website, which Plaintiff accessed multiple times, is incompatible with screen-reading software and, therefore, unusable for Plaintiff. (*Id.*, ¶¶ 27-29). During each of these visits, Plaintiff encountered barriers which prevented her from using the website. (*Id.*, ¶ 27). These barriers include (1) a lack of alternative text ("alt text") imbedded within graphics, which provide a mechanism by which the screen-reader can "read" images and other graphical elements, (2) empty links that contain no text, causing the function or purpose of the link to not be presented to the user, (3) redundant links, or adjacent links going to the same URL address, which results in additional navigation and repetition for keyboard and screen-reading users, and (4) linked images missing alt-text, where an image within a link lacks any descriptive text or alt-text, which provides the screen-reader with no content with which to present the user as to the function of the link. (*Id.*). These barriers prevent screen-reading software from functioning and thereby barred Plaintiff from using the website. (*Id.*).

Plaintiff continues to be deterred on a regular basis from using Defendant's website, which Plaintiff desires to do. (*Id.*, ¶ 30). Plaintiff also desires to visit Defendants'' hotel but is deterred from doing so by the website's barriers, which have prevented her from finding the hotel location and hours of operation information. (*Id.*, ¶ 31).

### III. ARGUMENT

#### A. Legal Standard

Entry of default is appropriate "[w]hen a party against whom a judgment for

2
PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO
DEFENDANT INDIVEST, INCORPORATED

affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). *See also Aldabe v. Aldabe*, 612 F.2d 1089, 1092 (9th Cir. 1980). A party has no duty to defend, however, unless the plaintiff properly served the defendant with the summons and complaint, or waives such service, pursuant to Fed. R. Civ. P. 4. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (Holding "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons"); *see also In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

Before courts decide whether to grant default judgment, Fed. R. Civ. P. 55(b)(2) requires the Clerk's entry of default. *See Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986). A district court has discretion in deciding whether to enter a default judgment. *Aldabe*, 616 F. In exercising this discretion, courts may consider a number of factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits (collectively, the "*Eitel* factors"). *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In deciding a motion for default judgment, all factual allegations in the plaintiff's complaint are deemed to be true, except those relating to the amount of damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *see also DirecTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007).

**B. The *Eitel* Factors Weigh in Favor of Granting Default Judgment**

Each of the *Eitel* Factors weigh in favor of granting default judgment.

///

///

///

### 1. Prejudice to Plaintiff, Whether a Dispute Concerning Material Facts Exist, Excusable Neglect, Policy Favoring Decisions on the Merits.

On March 04, 2022, the Court concluded that each of the above factors was satisfied. Dkt. 36 at 11. Accordingly, Plaintiff does not repeat that argument here but focuses on those factors the Court found lacking.

### 2. Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint

"The Ninth Circuit has suggested that these two factors require that a plaintiff 'state a claim on which the [plaintiff] may recover.'" *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)). Courts often consider the second and third *Eitel* factors together because examining the merits of a substantive claim and the sufficiency of a complaint share the same requirement, i.e., stating a claim "on which the [plaintiff] may recover." *See Kloepping v. Fireman's Fund*, 1996 WL 75314, at *2 (N.D. Cal. 1996) (citing *Danning*, 572 F.2d at 1388); *see also Bd. Of Trustees, I.B.E.W. Local 332 Pension Plan Part A v. Delucchi Elec, Inc.*, 2020 WL 2838801, at *2 (N.D. Cal. 2020). Here, the merits of Plaintiff's substantive claims are high, and Plaintiff's Complaint is sufficient. Thus, both the second and third factor weigh in favor of the Court granting Plaintiff's Renewed Motion for Default Judgment against Defendant.

#### a. The Americans with Disabilities Act

To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) the plaintiff was denied public accommodations by the defendant because of her disability; and (4) that either "(i) [D]efendant failed to alter the subject barriers when doing so was readily achievable; or (ii) if the alterations are not readily achievable, [D]efendant

could have made the subject facilities available to "[P]laintiff through alternative methods without much difficulty or expense." *Dunn v. Abrahamian*, No. CV 20-9713 FMO (AGRx), 2021 WL 1570831, at *1 (C.D. Cal. Mar. 9, 2021) (summarizing *Lopez*, 974 F.3d at 1034); *see also Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

Here, the Court determined Plaintiff adequately pleaded that she is disabled within the meaning of the ADA, satisfying the first element, but the Court found that Plaintiff failed to properly plead the second, third, and fourth elements. Dkt. 36 at 11. Accordingly, Plaintiff reargues those elements in the instant motion.

Element two is satisfied because Plaintiff pleaded that Defendant operates the website at issue that provides consumers access to Defendant's luxury hotel, which is a place of public accommodation. *See* Compl., ¶¶ 5, 7 ("Defendant's website provides access to a luxury hotel" and "Defendant's hotel is a public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7)."). In Plaintiff's Complaint she defines and refers to both Indivest, Incorporated and Plaza La Reina, A California Limited Partnership individually and collectively as Defendant. *Compl.*, ¶ 2. Accordingly, element two is satisfied.

The third element of Plaintiff's ADA claim is satisfied too. Plaintiff has identified the existence of four major barriers on Defendant's website, which prevent her from the "full and equal access to the facilities, goods, and services offered to and made available to the public through the website." *Id.*, ¶ 27. Plaintiff also desires to visit Defendant's hotel but is deterred from doing so by the website's barriers, which have prevented her from finding the hotel's location and hours of operation information. (*Id.*, ¶ 31). Thus, Plaintiff satisfied element three of her ADA claim.

Lastly, Plaintiff has demonstrated that altering the website is readily achievable as required under *Lopez*, satisfying the fourth factor. Plaintiff pleaded in the Complaint that the revenue generated through the website is "far greater than

5
PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT INDIVEST, INCORPORATED

the associated cost of making Defendant's website equally accessible to visually impaired customers." (*Id*., ¶ 40). Further, Defendant's website can be readily accessible by complying with the WCAG 2.1 guidelines, which can be achieved by retaining a qualified consultant. (*Id*., ¶ 37). Thus, Plaintiff also satisfied the fourth element of her ADA claim.

As such, Plaintiff has met her burden of stating a *prima facie* discrimination claim in violation of Title III of the ADA.

### b. California's Unruh Civil Rights Act

The Unruh Act states that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their … disability, [or] medical condition … are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). To be entitled to statutory damages under the Unruh Act, Plaintiff must demonstrate the barriers resulted in "difficulty, discomfort or embarrassment." Cal. Civ. Code § 55.56(b). Because Plaintiff's Complaint alleges a cognizable ADA claim against Defendant, the Court should find that Plaintiff has also stated a claim for disability discrimination under the Unruh Act against Defendant. *See* Cal. Civ. Code § 51(f); *see also Molski*, 481 F.3d at 731 ("Any violation of the ADA necessarily constitutes a violation of the Unruh Act").

Furthermore, no issues have been raised with respect to the merits of Plaintiff's substantive claims. It is clear that Defendant has violated both the ADA and the Unruh Act. This third factor also supports the Court granting Plaintiff's Renewed Motion for Default Judgment because Plaintiff's complaint is wholly sufficient. Unlike *Eitel's* complaint, where the district court could have had serious reservations about the merits of the substantive claim based upon the pleadings, there are no valid reservations about the merits of Plaintiff's substantive claims here. Here, the Complaint accurately reflects the violations of the ADA and violations of the Unruh Act. Plaintiff has identified four major barriers which are

presented by Defendant's website, which keep it from working with screen-reading software. These barriers prevented Plaintiff and the Class Members from fully accessing the website and enjoying the benefits of the website that sighted members enjoy. In *Robles*, 913 F.3d at 902, the Ninth Circuit held that a website with a connection to a brick-and-mortar store—such as, undoubtedly, Defendant's website—must be ADA compliant, which means that it must present a means by which blind and visually impaired individuals may interact with it via screen-readers. And an Unruh Act claim is proven when an ADA claim is proven. Cal. Civ. Code § 51(f). So this case presents one major issue, which is stated more than adequately in the Complaint, which is: does the website work with screen-readers? Because of the four major barriers outlined by Plaintiff, the answer is no. Accordingly, both the second and third *Eitel* factors support the Court granting Plaintiff's Renewed Motion for Default Judgment.

### 3. Sum of Money at Stake in the Action

"Under the [fourth] *Eitel* factor, the court must consider the amount of money at stake in relation to the seriousness of [the] [d]efendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176 (2002). When the amount at stake is substantial or unreasonable in light of the allegations in the complaint, default judgment is disfavored. *See Eitel*, 782 F.2d at 1472 (affirming the denial of default judgment where the plaintiff sought $3 million in damages and the parties disputed material facts in the pleadings).

In *Eitel*, it could not have been said that the district court abused its discretion in denying the default judgement. Eitel was seeking almost $3 million in damages from McCool and the parties disputed material facts in the pleadings. Unlike *Eitel*, there are no disputed material facts in the pleadings here. Further, Plaintiff is not asking for a large sum, as in *Eitel*, but only requesting the Court award damages of **$13,471.60**—consisting of statutory damages for encountering barriers on Defendant's website once, attorneys' fees, and costs. *See Vogel*, 992 F. Supp. 2d at

1012 (finding $13,739.20 was reasonable and collecting other cases where $10,119.70 and $12,000.00 were also reasonable and, in fact, a "relatively small award of damages" in similar ADA cases) (cited with approval in *Avalos v. Red Mountain Asset Fund I, LLC*, No. 121CV00230NONEJLT, 2021 WL 2549457, at *5 (E.D. Cal. June 22, 2021). Accordingly, this factor weighs in favor of entry of default judgment.

**IV.  Plaintiff's Computation of Damages Supports the Award.**

### A. Plaintiff is entitled to Injunctive Relief

By statute, the Court has the authority to grant the injunctive relief sought. "In the case of violations of…this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities…Where appropriate, injunctive relief shall also include requiring the…modification of a policy." 42 U.S.C. § 12188(a)(2).

An injunction may be granted "if there is some cognizable danger of recurring violation." *FTC v. Gill*, 71 F. Supp. 2d 1030, 1047 (C.D. Cal. 1999). A Court considers the totality of the circumstances, including past unlawful conduct. *Id*. "When the violation has been predicated upon systematic wrongdoing, rather than isolated occurrences, a court should be more willing to enjoin future conduct." *Id*. (quoting *CFTC v. Hunt*, 591 F.2d 1211, 1220 (7th Cir.1979)).

Accordingly, the injunctive relief currently sought by Plaintiff requests that within twenty-four (24) months of the Effective Date of this Agreement, and to the extent it has not already done so, Defendant shall continue to modify the Website as needed to achieve substantial conformance with WCAG 2.0 and/or 2.1.

### B. Monetary Relief

#### 1. Plaintiff is Entitled to Statutory Damages Pursuant to Cal. Civ. Code § 52(a).

Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51 , 51.5 , or 51.6 , is liable for each and every offense

for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51 , 51.5 , or 51.6.

Plaintiff respectfully requests the Court award Plaintiff Four Thousand Dollars and Zero Cents ($4,000.00), for Defendant's violation of the Unruh Act. This amount is warranted because Plaintiff attempted to access Defendant's website, but could not, because Defendant's website is not compatible with screen-readers. Consequently, Plaintiff was denied services of a place of public accommodation, Defendant's hotel. *See Robles*, 913 F.3d at 905; see also Cal. Civ. Code § 51(f) (providing that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act).

## 2. Plaintiff Is Entitled to an Award of Attorneys' Fees and Costs Under Both the ADA and Unruh Act Pursuant to 42 U.S.C. § 12205 and Cal. Civ. Code §§ 52(a) and 52.1(h).

Plaintiff requests $8,970.00 in attorneys' fees and $501.60 in costs. *See* Manoucheri Dec. ¶ 8. Such recovery is available to the prevailing attorney under both the ADA and Unruh Act. *See* 42 U.S.C. § 12205 and Cal. Civ. Code § 52(a). Federal and state courts use the lodestar method to calculate recoverable attorney's fees by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001). ). Here, an award of attorneys' fees is justified under the two statutes under which Plaintiff is suing, and the fees have been well documented. An award is proper. In addition, the Court found that an award of $8,970.00 in attorneys' fees and $501.60 in costs was reasonable and awarded Plaintiff those amounts solely as to Defendant Plaza La Reina. Dkt 36 at 15:16-18.

## V. CONCLUSION

For the foregoing reasons and pursuant to Federal Rules of Civil Procedure 55(b), Plaintiff respectfully requests that the Court enter a default judgment against Defendant in the amount of $13,471.60.

Dated: March 14, 2022                                Respectfully Submitted,

/s/ *Binyamin I. Manoucheri*
Thiago M. Coelho
Binyamin I. Manoucheri
**WILSHIRE LAW FIRM, PLC**
*Attorneys for Plaintiff and Proposed Class*